UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VANCE MARTIN,

    Plaintiff,

v

BRAM SCHROEDER,

    Defendant.

Case No.
Hon.

---

ROBERT M. GIROUX (P47966)
EVAN N. PAPPAS (P75489)
**Giroux Pappas Trial Attorneys, P.C.**
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI  48034
(248) 531-8665 / (248) 308-5540 (fax)
epappas@greatmiattorneys.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, VANCE MARTIN, by and through his attorneys, GIROUX PAPPAS TRIAL ATTORNEYS, and for his Complaint against the above-named Defendant, states as follows:

1. At all times relevant to this lawsuit, Plaintiff Vance Martin was a resident of the City of Saginaw, County of Saginaw, State of Michigan.

2. Upon information and belief, Defendant Bram Schroeder is a citizen of the City of Midland, State of Michigan and was at all times relevant to this

action, employed as a Michigan State Trooper with the Michigan State Police ("MSP").

3. Throughout the events giving rise to this Complaint, the individual Defendant was at all times acting in his respective individual capacity, within the course and scope of his employment as a trooper employed by the MSP, and under color of law.

4. Defendant Schroeder at all time pertinent was a "person" pursuant to the Elliott-Larsen Civil Rights Act, MCL 37.2103(g).

5. This lawsuit arises out of events occurring within the City of Saginaw, County of Saginaw, and State of Michigan.

## JURISDICTION AND VENUE

6. This cause of action involves violations of Plaintiff's civil rights, as secured by the United States and Michigan Constitutions, and is brought pursuant to 42 U.S.C. § 1983 and the Elliott-Larsen Civil Rights Act.

7. This Court has jurisdiction over the claims brought pursuant to 42 U.S.C. § 1983 based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331, 1343.  This Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367.

8. The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as this cause of action arises out of occurrences that took place within this District, in the County of Saginaw, and it is believed Defendant Schroeder resides in this district and also undertook pertinent acts within this district.

## COMMON FACTUAL ALLEGATIONS

10. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 9, as if fully set forth herein.

11. On March 28, 2022, Plaintiff Vance Martin was driving near his home in Saginaw at approximately 7:00 pm.

12. Defendant Bram Schroeder (a MSP Trooper), while on duty and patrolling this neighborhood with fellow trooper Zachary Tebedo, both of whom are Caucasian, allegedly observed Plaintiff's vehicle speeding and running two stop signs.

13. This area of Saginaw is predominantly African American and it is believed that Michigan State Police troopers overly police this area and regularly stop and perform searches on African American citizens; upon information and belief, Defendant Schroeder has received previous citizen complaints for racial profiling in this area.

14. After performing a traffic stop on Plaintiff based on the above-referenced alleged traffic violations, Defendant alleges that he suspected

3

Plaintiff to be under the influence and alleges that Plaintiff refused to produce identification, Schroeder and Tebedo removed Plaintiff from the vehicle and placed him in handcuffs and under arrest.

15. After placing Plaintiff under arrest and in handcuffs, two Saginaw Police officers (Englehart and Vasquez, who were also Caucasian) arrived at the scene and began to provide assistance to the MSP troopers.

16. These four officers struggled to place Plaintiff in the back of MSP vehicle—Plaintiff's size and being handcuffed played a role in these struggles—and during this time, Defendant Schroeder violently punched Plaintiff in the face, knocking him to the ground and rendering him unconscious.

17. In light of the circumstances that there were four law enforcement officers present and Plaintiff was handcuffed, the amount and manner of force that Defendant, who was a large man, used in knocking Plaintiff down and out with a punch to the head, was wholly unreasonable and excessive.

18. Following this first knock out, the officers contacted an ambulance to see if Plaintiff required medical attention; Plaintiff was visibly dazed, had face contusions, and generally appeared to be suffering from concussion-symptoms but did not seek medical attention.

19. Before EMS personnel arrived, MSP Sergeant Reneaud arrived at the scene, meaning there were then five law enforcement officers present and Plaintiff

4

was still handcuffed.

20. After no medical attention was provided—Plaintiff's mental condition struggled in light of his likely concussion—these five officers continued to struggle to place Plaintiff in the back of the MSP patrol vehicle.

21. During this second attempt to place Plaintiff in the back of the MSP patrol vehicle, Defendant Schroeder proceeded to viciously punch Plaintiff in the face 4-5 times, which again knocked him to the ground and rendered him unconscious.

22. In light of the circumstances that there were five law enforcement officers present during this second encounter and Plaintiff was handcuffed, the amount and manner of force that Defendant, who was a large man, used in knocking Plaintiff down and out with a 4-5 punches to the head, was wholly unreasonable and excessive.

23. During this entire encounter with Plaintiff, both Defendant Schroeder and the other MSP officers made racially-insensitive remarks regarding African Americans and the neighborhood and generally expressed racial bias.

24. For example, when speaking to one of the other passengers, an African American male, at the scene, troopers asked him why the vehicle was "slow rolling", which had racial connotations.

25. Additionally, Defendant Schroeder also referred to Plaintiff as "boy"

5

and other terms that have a negative racial connotation, and it is upon information and belief, Defendant Schroeder is a trooper who has been accused of racial profiling in this predominantly African-American area of Saginaw.

26. Given Defendant Shroeder's conduct was not warranted under the circumstances and was a departure from any sort of department policies regarding this sort of situation, there is an inference that his conduct and willingness to punch Plaintiff in the face a collective six times arose from a racially-motivated animus.

27. As a result of the vicious attack on Plaintiff's face and head, he suffered various injuries, including but not limited to facial contusions, concussion, a traumatic-brain injury, post-concussion symptoms, and related psychological issues.

<u><b>COUNT I<br>
42 U.S.C. § 1983—EXCESSIVE FORCE<br>
AS TO DEFENDANT SCHROEDER</b></u>

28. Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

29. At all times relevant, Plaintiff had a clearly established Constitutional right to be free from unnecessary force, unreasonable force, and excessive force during an arrest pursuant to the Fourth/Fourteenth Amendment to the United States Constitution.

30. At all times relevant, as a Michigan State Trooper acting under color

of law, Defendant Schroeder was required to obey the laws of the United States, including those laws identified under the Fourth/Fourteenth Amendment to the United States Constitution.

31.   In violation of Plaintiff's clearly established constitutionally-protected rights under the Fourth/Fourteenth Amendment to the United States Constitution, Defendant employed unnecessary, unreasonable, and excessive force against Plaintiff (who was handcuffed and under the control of between four and five law enforcement officers) when he viciously struck Plaintiff in the face, on two separate occasions and at least five punches, thereby inflicting horrendous personal injuries upon Plaintiff.

32.   Defendant's specific use of force against Plaintiff—punches to the face—when he knew or should have known that he lacked justification and that Plaintiff was restrained, was in violation of clearly established law, and, therefore, Defendant is not entitled to qualified immunity.

33.   In addition to being in violation of clearly established law, Defendant's actions were objectively unreasonable under the totality of the circumstances, which MSP has since agreed to, and, therefore, he is not entitled to qualified immunity.

34.   The conduct of Defendant Schroeder, as described above, deprived Plaintiff of his clearly established rights, privileges, and immunities in violation of

7

the Fourth/Fourteenth Amendment to the United States Constitution.

35. The second set of punches to Plaintiff's face/head was even more unreasonable and unnecessary in light of the fact that Plaintiff suffered visible head injuries after the first knockout and was showing various concussion symptoms at the time, making the repeated blows to his head/brain wholly excessive and unreasonable and likely to lead to serious brain injury.

36. Defendant Schroeder breached his constitutional duty to not use unnecessary, unreasonable, illegal, and excessive force in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution in a number of ways, including, but not limited to the following:

   a. Repeatedly and violently punching Plaintiff in the face in such a way to avoid unnecessary injury to him;
   b. Use of unnecessary, unreasonable, illegal, and excessive force during the arrest of Plaintiff and in light of his being handcuffed;
   c. Use of unnecessary, unreasonable, illegal and excessive force in inflicting four to five additional vicious punches to Plaintiff's head and face despite having previously knocked him unconscious after punching him in the face;
   d. Deliberately failing to use lesser and safer methods of force, particularly when his fellow officers were doing so, so as to avoid unnecessary injury to those inside the residence, including Plaintiff;
   e. Other acts and omissions which may be learned through the course of discovery.

37. Despite the fact that Plaintiff was handcuffed and surrounded by five

law enforcement officers at this time, Defendant Schroeder proceeded to violently, unnecessarily and with no fundamental police purpose, strike Plaintiff four to five times in the face and head.

38. As a direct and proximate result of Defendant's violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a. Physical pain and suffering, including a traumatic brain injury and face and head injuries;
    b. Mental anguish;
    c. Emotional distress;
    d. Fright and shock;
    e. Denial of social pleasures and enjoyment;
    f. Humiliation or mortification;
    g. Reasonable medical bills and expenses for the past, present and future;
    h. Punitive damages;
    i. Exemplary damages; and
    j. All other damages properly recoverable under law.

39. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendant is liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. The conduct of Defendant was and remains extreme and outrageous subjecting Defendant to punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

### COUNT II – 
### RACE DISCRIMINATION – 
### VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et seq*. AS TO DEFENDANT SCHROEDER

40. Plaintiff hereby reasserts and re-alleges each and every allegation contained in paragraphs 1 through 39, as if fully set forth herein.

41. Pursuant to the Elliott-Larsen Civil Rights Act, Defendant Schroeder is precluded from denying Plaintiff the full and equal enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations of a public service" on account of Plaintiff's race, color, or national origin.

42. At all material times, Plaintiff, who is African American, is a member of a protected class under ELCRA.

43. Defendant Schroeder, who is Caucasian and an agent of the MSP as a trooper, is a "person" under the ELCRA. See MCL § 37.2103(g).

44. As a "person" within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*., Defendant owed Plaintiff a duty not to discriminate against and/or harass him on the basis of his race, including racial profiling,

making racist comments, and using unnecessary violence during this arrest as a result of Plaintiff's race.

45. As a result of the above described actions and conduct, Plaintiff was denied full and equal public services during his arrest because of his race in direct violation of the ELCRA.

46. As a result of the above actions and conduct, Plaintiff was subjected to excessive force, harassment, racially-offensive comments, and profiling based upon his race as defined under ELCRA, to the point where said actions and conduct substantially interfered with Plaintiff's public services, thereby creating an intimidating, hostile, and/or offensive public services environment, in direct violation of the Michigan Civil Rights Act.

47. Defendant violated the ELCRA by the following acts:

   a. Discriminating against Plaintiff and interfering with his use of public services because of race;

   b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of the use of public services;

   c. Creating and permitting an unbearable environment based on offensive racial conduct on the basis of Plaintiff's race;

   d. Failing to provide arrestees an environment free from discriminatory/harassing conduct of a racial nature;

48. The disparate, harassing and offensive conduct to which Plaintiff

experienced came from Defendant Schroeder, who at all times, was acting in conformity with his duties as an MSP trooper.

49. Defendant's actions were intentional, with reckless indifference to Plaintiffs' rights and sensibilities.

50. As a direct and proximate result of Defendant's violation of Plaintiff's ELCRA rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

   a. Physical pain and suffering;

   b. Mental anguish;

   c. Severe emotional distress;

   d. Fright and shock;

   e. Denial of social pleasures and enjoyment;

   f. Humiliation or mortification;

   g. Reasonable medical bills and expenses for the past, present and future;

   h. Attorney fees;

   i. All other damages properly recoverable under law.

WHEREFORE, Plaintiff, Vance Martin, respectfully requests that this Court enter a judgment against Defendants in an amount in excess of $75,000.00, together with interest, costs, and reasonable attorney fees, and grant further such relief as this Court deems fair and just under the circumstances.

Respectfully submitted,

Dated: August 3, 2023

/s/ Evan N. Pappas
ROBERT M. GIROUX (P47966)
EVAN N. PAPPAS (P75489)
Attorneys for Plaintiffs
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665
epappas@greatmiattorneys.com

## JURY DEMAND

Plaintiff, Vance Martin, by and through his attorneys, GIROUX PAPPAS TRIAL ATTORNEYS, P.C., hereby demands Trial by Jury in this matter.

Respectfully submitted,

Dated: August 3, 2023

/s/ Evan N. Pappas
ROBERT M. GIROUX (P47966)
EVAN N. PAPPAS (P75489)
Attorneys for Plaintiffs
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665
epappas@greatmiattorneys.com